# United States District Court
## Southern District of New York

---

| | |
|---|---|
| **ANTRON McCRAY, et al.,** | *Plaintiffs,* |
| *- against -* | **02 Civ. 9685(DAB)** |
| **THE CITY OF NEW YORK, et al.,** | *Defendants.* |

---

| | |
|---|---|
| **KHAREY WISE, et al.,** | *Plaintiffs,* |
| *- against -* | **02 Civ. 9974(DAB)** |
| **THE CITY OF NEW YORK, et al.,** | *Defendants.* |

---

| | |
|---|---|
| **YUSEF SALAAM, et al.,** | *Plaintiffs,* |
| *- against -* | **02 Civ. 9685 (DAB)** |
| **THE CITY OF NEW YORK, et al.,** | *Defendants.* |

---

### EXHIBITS IN SUPPORT OF MOTION TO DISMISS THE COMPLAINTS AS TO DEFENDANTS ROBERT M. MORGENTHAU, ELIZABETH LEDERER, AND ARTHUR "TIM" CLEMENTS

---

**ROBERT M. MORGENTHAU**
**District Attorney, New York County**
**as Special Assistant Corporation Counsel**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**By: MICHAEL S. MORGAN (MM-9360)**
    **Assistant District Attorney**
    **Attorney of Record**

**MARK DWYER (MD-7035)**
**Assistant District Attorney**
**of counsel**

## <u>TABLE OF CONTENTS</u>

Criminal Court Complaints filed in <u>People v. Antron McCray,</u>
    <u>People v. Raymond Santana,</u> <u>People v. Kevin Richardson,</u>
    <u>People v. Kharey Wise,</u> and <u>People v. Yusef Salaam.</u>.....................................................Exhibit A

New York County Indictment Number 4762/89, filed against
    Antron McCray, Raymond Santana, Kevin Richardson,
    Kharey Wise, and Yusef Salaam........................................................................ Exhibit B

Decision on motions to suppress in New York County Indictment Number 4762/89..........Exhibit C

Decision on omnibus motions in New York County Indictment Number 4762/89 ............ Exhibit D

District Attorney's response to post-judgment motions filed in
    New York Count Indictment Number 4762/89.............................................................Exhibit E

District Attorney's recommendation for dismissal of indictment filed in
    New York Count Indictment Number 4762/89.......................................................... Exhibit F

Notices of Claim filed by Antron McCray, Raymond Santana, Kevin Richardson,
    Kharey Wise, and Yusef Salaam ....................................................................... Exhibit G

Decision on motion for leave to file late notice of claim file by Kharey Wise,
    New York County Supreme Court Index Number 104206/04 .................................. Exhibit H

# EXHIBIT A

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

---

THE PEOPLE OF THE STATE OF NEW YORK

        -against-

1.  Antron McCray (M 15)


        Defendant.

---

                              FELONY

STATE OF NEW YORK )
             ) ss.:
COUNTY OF NEW YORK)                       Page 1 of 2

    Det. Harry Hildebrandt, shield #592 of the MN Homicide, being duly sworn, deposes and says as follows:

    On April 19, 1989, between approximately 2100 hours to approximately 2300 hours in the vicinity of W. 102nd Street Transverse in Central Park in the County and State of New York, the defendant committed the offenses of:

1. PL 130.35(1)      Rape in the 1st degree
2. PL 110/125.25(1)  Att. Murder in the 2nd degree
3. PL 120.10(1)      Assault in the 1st degree

in that the defendant engaged in sexual intercourse with a female by forcible compulsion; the defendant with intent to cause the death of another person attempted to cause the death of such person; and the defendant with the intent to cause serious physical injury to another person caused such injury to another person by means of a dangerous instrument.

    The offenses were committed under the following circumstances:

    Deponent is informed by defendant that defendant, acting in concert with others separately charged, did punch and kick a female jogger at the above time, date and location.  Deponent is further informed by defendant that, acting with others, some separately charged and some not apprehended, defendant did hold said female by the arm while others did forcibly engage in sexual intercourse with said female jogger.

    Deponent is further informed by defendant that defendant, acting in concert with others some separately charged and some not apprehended did grab said female jogger and knock her to the ground and did strike her with a metal pipe.

**CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK**

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.  Antron McCray (M 15)

FELONY

Defendant.

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK)

Page 2 of 2

Deponent is informed by P.O. Calame shield 21649 that at approximately 1:30 AM on April 20, 1989 he observed the beaten body of an unconscious nude female at the above location and that said female was removed to and admitted to Metropolitan Hospital.

Deponent is informed by Det. Honeyman, Crime Scene Unit, that on April 20, 1989 he observed the beaten and nude body of Patricia Meili at Metropolitan Hospital, that he observed Ms. Meili to have multiple deep head wounds, lacerations and contusions to her face, chest, arms, legs, hands and feet.

DEFENDANT MADE STATEMENTS

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on   4/22 1989.

Deponent

**CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK**

---

THE PEOPLE OF THE STATE OF NEW YORK

     -against-

1.  Raymond Santana (M 14)

          Defendant.

---

**FELONY**

STATE OF NEW YORK )
             ) ss.:
COUNTY OF NEW YORK)

Page 1 of 2

    Det. John Hartigan, shield #300 of the MNHS, being duly sworn, deposes and says as follows:

    On April 19, 1989, at approximately between 2100 and 2300 hours at approximately West 102 St. transverse in Central Park in the County and State of New York, the defendant committed the offenses of:

| | | |
|---|---|---|
| 1. PL 130.35(1) | Rape in the 1st degree | |
| 2. PL 110/125.25(1) | Att. Murder in the 2nd degree | |
| 3. PL 120.10(1) | Assault in the 1st degree | |

in that the defendant engaged in sexual intercourse with a female by forcible compulsion; the defendant with intent to cause the death of another person attempted to cause the death of such person; and the defendant with the intent to cause serious physical injury to another person caused such injury to another person by means of a dangerous instrument.

    The offenses were committed under the following circumstances:

    Deponent is informed by Kevin Richardson, separately charged that he observed the defendant and, others separately charged, at least one of whom had a metal pipe, grab a female jogger from behind and tear her clothes off and further observed defendant hold her arms while Antron McCray, separatley charged, forcibly had sexual intercourse with her.    Deponent is further informed by defendant that he grabbed the female's breasts.
    Deponent is informed by Vincio Moore, of an address known to the District Attorney's Office,  that in the early morning of April 20, 1989 he observed the beaten body of an unconscious nude female at the above location and that said female was removed to and admitted to Metropolitan Hospital.
    Deponent is informed by Dr. Robert Kurtz of Metropolitan Hospital

**CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK**

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

FELONY

1. Raymond Santana (M 14)


Defendant.

---

STATE OF NEW YORK )
               ) ss.:
COUNTY OF NEW YORK)

Page 2 of 2

that one April 20, 1989 he admitted the beaten and nude body of
Patrici's Meili to Metropolitan Hospital, that he observed Ms. Meili
to have multiple fractures to the skull and facial bones, lacerations
and contusions to her face, chest, arms, legs, hands and feet.
DEFENDANT MADE STATEMENT.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on _____ , 1989.

AP 5

Police Department _____ Deponent

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.  Kevin Richardson (M 14)

FELONY

Defendant.

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK)

Page 1 of 2

DET. John Hartigan, shield #300 of the MNHS, being duly sworn, deposes and says as follows:

On April 19, 1989, at between approximately 2100 and 2300 hours at approximately West 102 St. transverse in Central Park in the County and State of New York, the defendant committed the offenses of:

1. PL 130.35(1)        Rape in the 1st degree
2. PL 110/125.25(1)    Att. Murder in the 2nd degree
3. PL 120.10(1)        Assault in the 1st degree

in that the defendant engaged in sexual intercourse with a female by forcible compulsion; the defendant with intent to cause the death of another person attempted to cause the death of such person; and the defendant with the intent to cause serious physical injury to another person caused such injury to another person by means of a dangerous instrument.

The offenses were committed under the following circumstances:

Deponent is informed by defendant that defendant, acting in concert with others, some separately charged, some not apprehended, did chase a female jogger down the road at the above location, did catch her, strip her and throw her to the ground.

Deponent is further informed by defendant that defendant, acting in concert, with said others, at least one whom had a metal pipe, did forcibly engage in sexual intercourse with said female.

Deponent is informed by Vincio Moore of an address known to the District Attorney's Office, that in the early morning of 4-20-89, he observed the beaten, unconscious body of a nude female at the above location; and said female was removed and admitted to Metropolitan

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.  Kevin Richardson (M 14)

FELONY

Defendant.

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK)

Page 2 of 2

Hospital.

Deponent is informed by Dr. Robert Kurtz, of an address known to deponent, that on April 20, 1989 Patricia Meile was admitted to Metropolitan Hospital; and that he observed Ms. Meili to be unconscious and unresponsive, to have multiple fractures to the skull and facial bones, laceration and contusion to her face, chest, arms, legs, hands and feet.

        DEFENDANT MADE STATEMENT

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on _____, 1989.

AP 5

_____
Police Department

_____
Deponent

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.  Kharey Wise (M 16)

FELONY

Defendant.

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK)                                    Page 1 of 2

     Det. Robert Nugent, shield #2954 of the CPP, being duly sworn,
deposes and says as follows:

     On April 19, 1989, at between approximately 2100 and 2300 hours at
approximately West 102 Street transverse in Central Park in the County
and State of New York, the defendant committed the offenses of:

1. PL 130.35(1)        Rape in the 1st degree
2. PL 110/125.25(1)    Att. Murder in the 2nd degree
3. PL 120.10(1)        Assault in the 1st degree

in that the defendant engaged in sexual intercourse with a female by
forcible compulsion; the defendant with intent to cause the death of
another person attempted to cause the death of such person; and the
defendant with the intent to cause serious physical injury to another
person caused such injury to another person by means of a dangerous
instrument.

     The offenses were committed under the following circumstances:


     Deponent is informed by defendant that defendant, acting in
concert with others, separately charged, did hold the leg of Patricia
Meili while others, some separately charged and some not apprehended
did strike her about the head with a knife, punch her about the face,
and forcibly engage in sexual intercourse with her.

      Deponent is informed by P.O. Calame, shield # 21649, that at
approximately 1:30 a.m. on April 20, 1989 he observed the beaten body
of an unconscious nude female at the above location and that said
female was removed to and admitted to Metropolitan Hospital.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.  Kharey Wise (M 16)

FELONY

Defendant.

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK)

Page 2 of 2

Deponent is informed by Dr. Robert Kurtz of Metropolitan Hospital that on April 20, 1989 he admitted the beaten and nude body of Patricia Meili to Metropolitan Hospital, that he observed Ms. Meili to have multiple fractures to the skull and facial bones, lacerations and contusions to her face, chest, arms, legs, hands and feet.

Defendant made statements.

AP 5

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on _____ , 1989.

_____              _Det Robert Ahnergit_
              Police Department                        Deponent

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

THE PEOPLE OF THE STATE OF NEW YORK

       -against-

1.  Yusef Salaam (M 15)

               Defendant.

**FELONY**

STATE OF NEW YORK )
                ) ss.:
COUNTY OF NEW YORK)

Page 1 of 2

    DET.  McKenna, shield #1868 of the MNH, being duly sworn, deposes and says as follows:

    On April 19, 1989, at about 0900 hours at Approximately W 102nd Street (Transverse in Central Park) in the County and State of New York, the defendant committed the offenses of:

1. PL 130.35(1)      Rape in the 1st degree
2. PL 110/125.25(1)   Att. Murder in the 2nd degree
3. PL 120.10(1)      Assault in the 1st degree

in that the defendant engaged in sexual intercourse with a female by forcible compulsion; the defendant with intent to cause the death of another person attempted to cause the death of such person; and the defendant with the intent to cause serious physical injury to another person caused such injury to another person by means of a dangerous instrument.

    The offenses were committed under the following circumstances:

    Deponent is informed by defendant that on 4-19-89 he hit a female jogger in Central Park with a pipe, that she went down, and that he hit her again, that another defendant separately charged removed her shirt, and that he felt her breasts while another separately charged forcibly engaged in sexual intercourse with said female.

    Deponent is informed by P.O. Robert Calame, Shield # 21649 CPP, that at approximately 0130 hrs 4-20-89 he observed the beaten unconscious body of a nude female at above location and said female was removed and admitted to Metropolitan Hospital.

    Deponent is informed by Terrance Conley of an address known to deponent that on April 20, 1989 Patricia Meili was admditted to

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1.   Yusef Salaam (M 15)

            Defendant.

FELONY

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF NEW YORK)

Page 2 of 2

Metropolitan Hospital, and that he observed Ms. Meili to be
unconscious and unresponsive, to have wounds to her head, lacerations
and contusions to her face, chest, arms, legs, hands and feet.

        Defendant made statement.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on _____, 1989.

_____          _____
        Police Department                        Deponent

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
                         :

THE PEOPLE OF THE STATE OF NEW YORK   :

                         :

              - against -      :

STEVEN LOPEZ      (JUVENILE OFFENDER) :
KHAREY WISE                     :
KEVIN RICHARDSON (JUVENILE OFFENDER) :
ANTRON McCRAY    (JUVENILE OFFENDER) :
YUSEF SALAAM     (JUVENILE OFFENDER) :
RAYMOND SANTANA  (JUVENILE OFFENDER) :
JERMAIN ROBINSON (JUVENILE OFFENDER) :
MICHAEL BRISCO,             :
                      Defendants. :
----------------------------------------X

    THE GRAND JURY OF THE COUNTY OF NEW YORK, by this
indictment, accuse the defendants Lopez, Wise, Richardson,
McCray, Salaam and Santana of the crime of **ATTEMPTED MURDER
IN THE SECOND DEGREE**, in violation of Penal Law
§§110/125.25(1), committed as follows:

    The defendants, in the County of New York, on or about
April 19, 1989, with intent to cause the death of Patricia
Meili, attempted to cause the death of Patricia Meili.


**SECOND COUNT:**

    AND THE GRAND JURY AFORESAID, by this indictment,
further accuse the defendants Lopez, Wise, Richardson,
McCray, Salaam and Santana of the crime of **RAPE IN THE FIRST
DEGREE**, in violation of Penal Law §130.35(1), committed as
follows:

    The defendants, in the County of New York, on or about
April 19, 1989, did engage in sexual intercourse with
Patricia Meili, a female, by forcible compulsion.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam and Santana of the crime of SODOMY IN THE FIRST DEGREE, in violation of Penal Law §130.50(1), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, did engage in deviate sexual intercourse with Patricia Meili by means of forcible compulsion.


FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam and Santana of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, in violation of Penal Law §130.65(1), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, subjected Patricia Meili to sexual contact by forcible compulsion.

**FIFTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam and Santana of the crime of ASSAULT IN THE FIRST DEGREE, in violation of Penal Law §120.10(1), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, with intent to cause serious physical injury to Patricia Meili, caused such injury to Patricia Meili, by means of a dangerous instrument.

**SIXTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam and Santana of the crime of ASSAULT IN THE FIRST DEGREE, in violation of Penal Law §120.10(3), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person and thereby caused serious physical injury to Patricia Meili.

**SEVENTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam, Santana and Robinson of the crime of **ROBBERY IN THE FIRST DEGREE**, in violation of Penal Law §160.15(3), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, forcibly stole certain property from John Loughlin, to wit, personal property, and in the course of the commission of the crime and of the immediate flight therefrom, they and other participants in the crime used and threatened the immediate use of a dangerous instrument.

**EIGHTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam, Santana and Robinson of the crime of **ROBBERY IN THE SECOND DEGREE**, in violation of Penal Law §160.10(2)(a), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, forcibly stole certain property from John Loughlin, to wit, personal property, and in the course of the commission of the crime and in the immediate flight therefrom, they and other participants in the crime caused physical injury to John Loughlin, who was not a participant in the crime.

NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam, Santana and Robinson of the crime of ROBBERY IN THE SECOND DEGREE, in violation of Penal Law §160.10(1), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, each being aided by another person actually present, forcibly stole certain property from John Loughlin, to wit, personal property.


TENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam, Santana and Robinson of the crime of ASSAULT IN THE SECOND DEGREE, in violation of Penal Law §120.05(2), committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, with intent to cause physical injury to John Loughlin, caused such injury to John Loughlin, by means of a dangerous instrument.

**ELEVENTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Lopez, Wise, Richardson, McCray, Salaam, Santana and Robinson of the crime of ASSAULT IN THE SECOND DEGREE, in violation of Penal Law §120.05(6), committed as follows:

The defendants and other participants in the crime, in the County of New York, on or about April 19, 1989, in the course of and in furtherance of the commission and attempted commission of a felony, and of immediate flight therefrom, caused physical injury to John Loughlin, who was not a participant in such crime.

**TWELFTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of the crime of ASSAULT IN THE SECOND DEGREE, in violation of Penal Law §120.05(6), committed as follows:

The defendants and other participants in the crime, in the County of New York, on or about April 19, 1989, in the course of and in furtherance of the commission and attempted commission of a felony, and of immediate flight therefrom, caused physical injury to David Lewis, who was not a participant in such crime.

**THIRTEENTH COUNT:**

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of the crime of RIOT IN THE FIRST DEGREE, in violation of Penal Law §240.06, committed as follows:

The defendants, in the County of New York, on or about April 19, 1989, simultaneously with ten and more other persons engaged in tumultuous and violent conduct and thereby intentionally and recklessly caused and created a grave risk of causing public alarm and in the course of and as a result of such conduct, a person other than one of the participants suffered physical injury.

ROBERT M. MORGENTHAU
District Attorney