UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/11

IN RE MCRAY, RICHARDSON, SANTANA, WISE,
AND SALAAM LITIGATION

REPORT AND
RECOMMENDATION

03 Civ. 9685 (DAB) (RLE)

To the **HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

## I. INTRODUCTION

The above-captioned Plaintiffs and their families filed suit against the City of New York,

and various current and former employees of the New York City Police Department and the New

York County District Attorney's Office, alleging a number of federal and state causes of action

connected to the arrest, investigation, and conviction of certain Plaintiffs for the attack on the

Central Park Jogger on April 19, 1989. (*See* Am. Compl., Doc. No. 47.) Defendants informed

this Court of Plaintiff Daniel Wise's repeated failure to fulfill discovery obligations as ordered

by the Court. For the reasons that follow, I recommend that Daniel Wise's claims be

**DISMISSED without prejudice** for failure to prosecute.

## II. BACKGROUND

The Court assumes general familiarity with the events that gave rise to this litigation, and

only recounts the facts relevant to the current inquiry. On July 14, 2011, Defendants served

Daniel Wise, along with the other Wise Plaintiffs, with a Second Set of Interrogatories and

Requests for Production of Documents. Daniel Wise did not respond to the requests. On

September 9, 2011, this Court ordered Wise to provide Defendants with a signed release of his

IRS records by September 23, 2011. (*See* Docket Entry No. 148.) The Order warned of

sanctions if Wise failed to provide the release. Defendants have yet to receive the release and

answers to interrogatories. (*See* Docket Entry No. 155.) Wise's counsel has been unable to

locate their client, and Wise has not informed the Court or his counsel of any changes of address.

(*See* Docket Entry No. 158.)

### III. ANALYSIS

A plaintiff has an obligation to diligently prosecute his case. *See Lyell Theatre Corp. v.*

*Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "If the plaintiff fails to prosecute or comply with [.

. .] a court order, a defendant may move to dismiss the action or any claim against it." Fed. R.

Civ. P. 41(b). Even in the absence of a motion by defendant, a district court has the inherent

power to dismiss a case for failure to prosecute. *See Link v. Wabash Railroad Co.,* 370 U.S. 626,

630 (1962). In considering whether an action should be dismissed for failure to prosecute, courts

consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that
> further delays would result in dismissal, (3) whether the defendant is likely to be
> prejudiced by further delay, (4) whether the [judge] has taken care to strike the balance
> between alleviating court calendar congestion and protecting a party's right to due
> process and a fair chance to be heard . . . and (5) whether the judge has adequately
> assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (internal quotation marks and

citations omitted). Here, Wise has repeatedly failed to respond to discovery requests, and has

not fulfilled his discovery obligations as ordered by this Court. He was warned of negative

consequences resulting from non-compliance. Moreover, he has not kept the Court or his

counsel apprised of his whereabouts. The Court also finds that lesser sanctions are not

warranted because Wise has failed to demonstrate that he is interested in prosecuting this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff Daniel Wise's action be **DISMISSED without prejudice** for failure to prosecute.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. §636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**DATED: December 12, 2011**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge