Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re McCray, Richardson, Santana, Wise and Salaam Litigation | DECLARATION OF RUBY MARIN-JORDAN |
| | 03 Civ. 9685 (DAB) (RLE) |

-----------------------------------------------------------------X

**RUBY MARIN-JORDAN**, pursuant to 28 U.S.C. § 1746, and under penalty of perjury declares as follows:

1. I am the Special Counsel to the Deputy Commissioner for Legal Matters at the New York City Police Department ("NYPD"). I have been employed in this capacity with the NYPD since June 10, 2002. I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of defendants' assertion of the attorney work product and attorney-client privileges over certain drafts and notes pertaining to the New York County District Attorney's Office's ("DANY") reinvestigation of the incidents of April 19, 1989, the NYPD reinvestigation and resulting report, and the then-ongoing criminal proceedings in New York County Supreme Court.

3. In 2002, the NYPD, initially working with DANY, began a reinvestigation of the events which ultimately gave rise to this litigation.

4. The reinvestigation was prompted by the claim of Matias Reyes that he alone assaulted the Central Park Jogger.

5. The reinvestigation was performed at the request of Police Commissioner Raymond Kelly, and was conducted primarily by NYPD personnel.

6. Police Commissioner Kelly also established a panel to participate in the NYPD reinvestigation ("the Panel"), and he instructed the Panel to present its final conclusions in the form of a written report (known as the "Armstrong Report").

7. The panel was established to ensure that the NYPD reinvestigation was conducted with a level of independent oversight.

8. The first purpose of the Panel was to determine whether police personnel acted permissibly during the underlying investigation.

9. The second purpose of the Panel was to determine whether there were weaknesses in any NYPD policies or procedures, and to make recommendations to address any failures or shortcomings of same.

10. The Panel was comprised of three members: Michael Armstrong, Esq., Jules Martin, Esq., and Stephen L. Hammerman, Esq. Michael Armstrong and Jules Martin were selected and retained by the NYPD for the purpose of conducting the reinvestigation and preparing a report. Stephen L. Hammerman was the Deputy Commissioner for Legal Matters for the New York City Police Department in 2002.

11. In my role as agency counsel, I was tasked with engaging in analysis of potential legal and policy issues presented by the reinvestigation and the Armstrong Report.

12. Additionally, in my role as agency counsel for the NYPD, and counsel to the Panel, I engaged in communications that involved legal analysis and legal advice with members of the Panel regarding the December 5, 2002 Affirmation of Assistant District Attorney ("ADA") Nancy Ryan and what response, if any, the NYPD should make to same in the context of the then-ongoing criminal proceedings in New York County Supreme Court.

13. I provided legal analysis and advice to the NYPD and the Panel in the form of substantive comments regarding ADA Ryan's Affirmation, and in the form of a typed

draft document, including my substantive edits and comments, responding to ADA Ryan's Affirmation.

14. I also reviewed and provided legal analysis of drafts of the Armstrong Report created by the Panel, in the form of substantive edits and comments made on these drafts.

15. My communications with the agency and the Panel, both oral and written, were undertaken with the expectation of confidentiality, and these communications were kept confidential.

16. The communications between the agency, the Panel, and me were not made public or shared with third parties not employed and/or retained by either the agency or the agency's counsel (i.e., the NYPD Office of the Deputy Commissioner for Legal Matters and the Office of the Corporation Counsel).

17. I am concerned that disclosure of the legal analysis and advice that I provided to the members of the Panel would have a chilling effect on the willingness of people to volunteer their expertise to the NYPD when necessary, and on the NYPD legal personnel to offer legal advice on, among other things, NYPD policies and procedures, with candor, going forward. NYPD personnel should not have to be overly cautious when discussing their views and analysis with agency counsel, and agency counsel should not have to be overly cautious when providing legal advice to the agency.

Dated:   New York, New York
         July 29, 2011

                                         RUBY MARIN-JORDAN
                                         Special Counsel to the Deputy
                                         Commissioner of Legal Matters at NYPD