USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MCRAY, RICHARDSON, SANTANA, WISE, AND SALAAM LITIGATION

REPORT AND RECOMMENDATION

03 Civ. 9685 (DAB) (RLE)

To the HONORABLE DEBORAH A. BATTS, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs and their families filed suit against the City of New York, and various current and former employees of the New York City Police Department and the New York County District Attorney's Office, alleging a number of federal and state causes of action connected to the arrest, investigation, and conviction of certain Plaintiffs for the attack on the Central Park Jogger on April 19, 1989. (*See* Am. Compl., Doc. No. 47.) Defendants ask the Court to dismiss *pro se* Plaintiff Deloris Wise's claims because she has been completely absent from the litigation. (Def.'s Ltr., Jan. 5, 2012, Doc. No. 174 ("Def.'s Ltr.").) For the reasons that follow, I recommend that Deloris Wise's claims be **DISMISSED without prejudice** for failure to prosecute.

## II. BACKGROUND

The Court assumes general familiarity with the events that gave rise to this litigation, and only recounts the facts relevant to the current inquiry. Defendants submitted a letter to the Court, dated January 5, 2012, asking the Court to dismiss with prejudice all claims asserted by Wise. The Court issued an order on January 9, 2012, directing Deloris Wise to respond to Defendants' motion on or before February 10, 2012. (Doc. No. 166.) Neither the Court nor Defendants has received communications from Doris Wise. Further, she has not kept the Parties

or the Court apprised of her contact information.

## III. ANALYSIS

"Dismissal of a pro se litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir.2009) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994)) (internal quotation marks omitted). A plaintiff has an obligation to diligently prosecute her case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "If the plaintiff fails to prosecute or comply with [. . .] a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Even in the absence of a motion by defendant, a district court has the inherent power to dismiss a case for failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962). In considering whether an action should be dismissed for failure to prosecute, courts consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the [judge] has taken care to strike the balance between alleviating court calender congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (internal quotation marks and citations omitted).

Here, Deloris Wise has failed to respond to the Court's order, and has not demonstrated an interest in complying with discovery or other aspects of the litigation. Wise has not responded to repeated discovery requests and failed to appear for a September 27, 2011 deposition. (Def.'s Ltr. at 2.) Moreover, she has not kept the Court or other Parties informed as to her contact information, as her mailing address has been returned to sender in several instances. (*Id.* at 3.) The Court also finds that lesser sanctions are not warranted because Wise

has failed to show that she is interested in pursuing the matter.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff Deloris Wise's action be **DISMISSED without prejudice** for failure to prosecute.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. §636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**DATED: March 28, 2012**
**New York, New York**

Respectfully Submitted,

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**