**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-26-12

IN RE MCRAY, RICHARDSON, SANTANA, WISE,    :    OPINION AND
AND SALAAM LITIGATION                      :    ORDER
                                           :
                                           :    03 Civ. 9685 (DAB) (RLE)
                                           :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

The above-captioned Plaintiffs and their families filed suit against the City of New York, and various current and former employees of the New York City Police Department ("NYPD") and the New York County District Attorney's Office ("DANY"), alleging a number of federal and state causes of action connected to the arrest, investigation, and conviction of Plaintiffs for the attack on the Central Park Jogger on April 19, 1989. (*See* Am. Compl., Doc. 47.) Pending before the Court is Defendants' Motion for Reconsideration of the Court's November 22, 2011 Opinion and Order granting Plaintiffs' Motion to Compel "production of all documents created by Marin-Jordan in connection with her involvement in the Armstrong Commission." (*See* Opinion and Order ("Order") , Nov. 22, 2011, Doc. No. 153 at 13; Def. Mem. of Law in Supp. of Mot. for Recons. ("Defs. Mot."), Doc. No. 160.) Defendants contend that (1) the Court's Order to produce "all" documents prepared by Marin-Jordan was too broad; (2) specific documents by Marin-Jordan that the Court found were subject to disclosure were in fact privileged attorney work product; and (3) the Court's basis for compelling disclosure of draft versions of the Armstrong Report should be amended. (*Id.*)

For the reasons set forth below, Defendants' Motion is **GRANTED**, in part, and **DENIED**, in part.

## II. BACKGROUND

The Court assumes general familiarity with the events that gave rise to this litigation, and only reiterates the facts relevant to the Motion for Reconsideration. On July 19, 2011, after nearly a year of document exchanges and several privilege logs, Plaintiffs moved to compel Defendants to produce certain withheld documents. (Order at 2-3.) Of the several thousand documents at issue, Defendants submitted to the Court approximately 2000 documents for *in camera* review. (*Id.* at 3.) The specific documents relating to Special Counsel to the Deputy Commissioner for Legal Matters at the New York City Police Department Ruby Marin-Jordan that were submitted for *in camera* review are as follows: (1) three drafts of the Armstrong report, which contain Marin-Jordan's edits and notes regarding certain inclusion or exclusion of facts (*See* NYC017488-NYC017573, NYC018441- NYC 018483.) ; (2) a typed draft of a response to Assistant District Attorney ("ADA") Nancy Ryan's December 5, 2002 affirmation, annotated with Marin-Jordan's handwritten notes (*See* NYC018431 - NYC018432.); and (3) a document containing ADA Ryan's affirmation, with Marin-Jordan's handwritten notes reflecting her thoughts on various statements contained in the affirmation (*See* NYC018484 - NYC18541.)

The Court issued an Order on November 22, 2011, ruling, *inter alia*, that documents prepared by Ruby Marin-Jordan in relation to the Armstrong Report were not protected by the work product doctrine or by attorney-client privilege. The Court compelled production of "all documents created by Marin-Jordan in connection with her involvement in the Armstrong Commission." (Order at 11-13.)

Following the Court's Order, Defendants submitted a Motion for Reconsideration on December 15, 2011, and attached an *ex parte* declaration from Marin-Jordan as an Exhibit.

(Defs. Mot., Ex. A.)  Plaintiffs responded on January 4, 2012, and Defendants replied on January

11, 2012.  Plaintiffs filed a brief sur-reply on January 17, 2012.  (Doc. Nos. 165, 168.)

## III. DISCUSSION

### A. Legal Standard for Reconsideration

The standard for a motion for reconsideration under Local Rule 6.3 and Federal Rule of

Civil Procedure 59(e) is a strict one. *See Schrader v. CSX Tramp., Inc.,* 70 F.3d 255, 257 (2d Cir.

1995). The party must be able to "point to controlling decisions or data that the court

overlooked-matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Id.* A motion for reconsideration "is not a substitute for appeal," *Morales*

*v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), and is generally only

granted on three grounds: "(1) an intervening change of controlling law, (2) the availability of

new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *Virgin Atl.*

*Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

### B. Application to Marin-Jordan's Documents

*1. Defendants invoke an overly broad interpretation not warranted by the Opinion.*

The Court ordered the production "of all documents created by Marin-Jordan in

connection with her involvement in the Armstrong Commission." (Doc. No. 13.)  Defendants

contend that, "if interpreted expansively," the Court's ruling "would eviscerate the work product

and attorney-client privileges" for "any agency counsel" connected with this case.  (Defs. Mot. at

4.)  The key phrase here is "if interpreted expansively."  The ruling only addressed Marin-

Jordan's work "in connection with the Armstrong Commission."  To be sure, finding an

appropriate phrase that would convey the appropriate limitation presents somewhat of a problem.

Defendants' expansive interpretation, however, ignores the fact that the ruling with respect to the

3

Armstrong Report and Marin-Jordan's participation in it, occurs after the Court discussed specific elements of the work product doctrine (*e.g.*, anticipation of litigation) and the attorney client privilege (e.g., confidentiality), elements found lacking with regard to the Armstrong Report. This does not mean that documents that refer to or comment on the Armstrong Report cannot be privileged. It means that they cannot be designated as privileged *because* they are connected to the Report.

In contrast to their position with respect to the Armstrong Report, Defendants maintain that Marin-Jordan's notes should be provided only to the extent they are "relevant to Plaintiffs' intentional infliction of emotional distress claims against Commissioner Kelly." (Defs. Mot. at 4.) Defendants assert that "the Court [did not] intend for defendants to be forced to disclose documents that are unrelated to plaintiffs' intentional infliction of emotional distress claims." (Defs. Mot. at 5.) Defendants argue that they do not need to submit "all" documents created by Marin-Jordan when the documents do not relate to the intentional infliction of emotional distress claims made by Plaintiffs. This position misinterprets the Court's Order. While the court found the documents relevant to Plaintiffs' intentional infliction of emotional distress claims, the Court did not state that it would be the *only* basis to disclose documents, and certainly did not articulate a limit to Federal Rule of Civil Procedure Rule 26's liberal standard. Accordingly, the Order is not limited to documents related to the intentional infliction of emotional distress claims by Plaintiffs.

The Defendants' Motion for Reconsideration of the Court's ruling as to documents prepared by Marin-Jordan in connection with her involvement in the Armstrong Commission is **DENIED**.

4

*2. Information provided to the Court indicates that specific documents created by Marin-Jordan are privileged.*

Defendants seek reconsideration of the disclosure of specific documents that were provided for *in camera* review to the Court, which are (1) Marin-Jordan's typed draft of a response to ADA Ryan's affirmation with her notes; and (2) Marin-Jordan's handwritten notes annotating ADA Ryan's affirmation. (Defs. Mot. at 7.) Based on the additional information provided to the Court, the Court finds that these documents are not within the scope of the Court's Order to produce because they were created in anticipation of litigation, and are work product. Documents with Bates Stamp Nos. NYC018431 - NYC018432, and NYC018484 - NYC018541 are not to be produced, and Defendants' Motion for Reconsideration as to these specific documents is **GRANTED**.

*3. Drafts of the Armstrong Report were not found discoverable simply because the contents of the drafts were part of the final report.*

Defendants ask the Court to amend its ruling regarding the disclosure of draft versions of the Armstrong Report containing Marin-Jordan's notes. Based on documents and information submitted for *in camera* review, the Court stated that it "fail[ed] to see how any of hte notes relate to legal advice, given the purpose of, and ultimate publication of, the Armstrong Report." (Order at 13.) They assert that the Court improperly based its ruling on the fact that the Armstrong Report was publicly available and claim that the Court found "that the privileged nature of an entire document is dependent upon whether some of the information it contains later becomes public." (Defs. Mot. at 11.) This statement is incorrect and mis-characterizes the Court's opinion. With respect to work product, the Court held that the Report was not privileged because "the documents at issue were not created in anticipation of litigation or trial, but were rather generated in connection with a public report relating to a matter of public concern."

5

(Order at 12.)

With respect to the attorney-client privilege, the Court found that the submitted documents did not "reflect any legal advice." (Order at 13.)  The opinion does allude to the fact that the Report was "ultimately" published, this was never given as the reason for the finding. (*Id.*)  While Defendants at several points in their Motion express concern about what the Court appeared to have said, they should be cautioned that if the Court intended to make the sweeping holding that because a document was later published, any and all documents generated in connection with that document would be discoverable, they would not have to guess at the Court's intent.  Similarly, the suggestion that the Court may have conflated the deliberative process privilege analysis with that required for work product or attorney client privilege is unsupported by the Opinion.  The Opinion articulates the factors considered by the Court for analysis of both work product and attorney client protection.  In neither section does the Opinion indicate that one of the criteria is whether any matter is ultimately adopted or made public.

Defendants have not provided a sufficient basis under FRCP 59(e)'s strict standard for reconsideration to amend the Court's ruling or its rationale as to the Armstrong Report.  They have not submitted any intervening change of law, new evidence, or how the Court's ruling would lead to clear error or manifest injustice in this case.  Accordingly, Defendants' Motion for Reconsideration as to amending its ruling regarding the Armstrong Report drafts is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration is **GRANTED,** in part, and **DENIED**, in part.

**SO ORDERED this 26th day of April 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**