UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/05/13
```

IN RE MCCRAY, RICHARDSON, SANTANA, WISE, : MEMORANDUM
AND SALAAM LITIGATION : OPINION AND ORDER

03 Civ. 9685 (DAB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

The Court has before it the February 20, 2013 letter application from the Corporation Counsel's Office, asking the Court to "modify its Opinion and Order" dated February 19, 2013. (Letter from Philip R. DePaul, Assistant Corporation Counsel, Office of Corporation Counsel of the City of New York, to the Court ("Feb. 19, 2013 Letter from Philip DePaul to Court"), 1 (Feb. 20, 2013) (on file with the Court).) While counsel for the City does not indicate the specific modification requested, the modification is based on the Court's statement on pages 9 and 10 of its Opinion indicating concern over counsel's "manipulation" of quotes purportedly setting forth the intention of filmmaker Ken Burns in the making of the documentary film *The Central Park Five*. The Court has reviewed the submission, and finds that the characterization by the Court is warranted. The Court, however, has amended the opinion to include the second quote referenced by counsel in the City's brief and in the letter application. Because of the manner in which the quotes were cited, *see* The Bluebook: A Uniform System of Citation B2, at 4 (Columbia Law Review Ass'n et al. Eds., 19th ed. 2010), it was unclear exactly how the quotes were being edited. The Court's concern, however, extended to both interview summaries, and the second quote group is added to the opinion to make this clear.

To begin, the portion of the City's brief at issue concerns the City's attempt to address whether the filmmakers had acted independently in order to qualify for the reporter's privilege. Under applicable Second Circuit law, a court should focus on the filmmaker's intent at the time the information in question is gathered in evaluating the relevant intent. *Chevron Corp. v. Berlinger*, 629 F.3d 297, 307 (2d Cir. 2011); *von Bulow v. von Bulow*, 811 F.2d 136, 145 (2d Cir. 1987). An intent for reasons other than public dissemination at the beginning of the information gathering process can negatively impact the determination of independence. *von Bulow*, 811 F.2d at 145. Conversely, if the filmmaker is independent at the beginning of the process, and not influenced inappropriately by the subject, the fact that the filmmaker develops an opinion or additional motivations will not remove the protections of the privilege. *See Berlinger*, 629 F.3d at 308 & n.4. The City was aware of the appropriate burden, and introduced the section of their brief on this issue with a paragraph that included their assertion that "the filmmakers statements about their intentions in making *The Central Park Five*, bring this dispute within the reach of the Second Circuit's decision in *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011)." (Defs.' Mem. In Opp. To. Florentine Films' Mot. To Quash Subpoena 16) (emphasis added).) In the segment of the brief at issue here, the City went on to state that "the purpose of the film was 'first and foremost' . . . the settlement of the civil suit." (*Id.* at 17.) The City thus implied that Burns had stated his intent at the time the fact gathering began, and there was a quote to reporters to show what that intent was.

While it is sometimes necessary and effective to edit a long quote, the bedrock principle is that the editing not change the sense of the material. The City was not accused of changing either quote, but of using some of the actual words in a manner that suggested that the filmmaker began his project with the intent to cause the city to settle the lawsuit. To the extent that the City

2

relies on the Huffington Post quote, its editing might be described as accurate, but misleading. Here, the City did two things which cloud the issue. First, the City used the word "purpose" in their brief, (*id.*), which suggests that this is the reason the movie documentary was made. Second, in using the definite article "the," (*id.*), the City suggests that there was but one purpose for the making of the film. These grammatical constructions were compounded by the use of the phrase "first and foremost" in both of the articles cited by the City. In one, the phrase was used to modify "filmmakers." Dave McNary, *Ken Burns: Cannes the 'Grand Canyon' of cinema: Docu filmmaker screens 'Central Park Five' out of competition*, Variety, May 24, 2012. In the other, the phrase was followed by "we want to see some sort of justice." Annette Insdorf, *The Central Park Five Premieres in Cannes*, Huffington Post, May 26, 2012. In the latter instance, omitting the words "we want to see some sort of justice" is not minor in the context of the entire quote relied on by the City.

The City asserts that the quotes, taken together or separately, are not misleading. (Feb. 20, 2013 Letter from Philip DePaul to Court, at 3.) The Court disagrees. Together the quotes show that they were taken in the context of promotion for the documentary at a film festival. It shows that the persons reporting on the words of the filmmaker did some editing of their own so that it is not possible to know what was left out. As the Court suggested in its opinion, the quoted portions containing ellipses are not reliable. Further editing to indicate otherwise is misleading.

**SO ORDERED this 5th day of March 2013**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**