

|  |  |  |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ANDREW MYERBERG**<br>Senior Counsel<br>(212) 356-3523 (telephone)<br>(212) 788-9776 (fax)<br>amyerber@law.nyc.gov |

October 28, 2013

**BY E.C.F.**
Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: In re McCray, Richardson, Santana, Wise and Salaam Litigation
       03 Civ. 9685 (DAB) (RLE)

Your Honor:

    I am a Senior Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of this matter. While mindful of the Court's time and resources, defendants feel compelled to address various assertions made in plaintiffs' most recent letter to Your Honor concerning the deposition of Natividad Colon, dated October 26, 2013.

    As plaintiffs are aware, Police Commissioner Raymond Kelly's deposition is scheduled to take place at One Police Plaza not "solely on the basis of [the Police Commissioner's] personal convenience," but due to his status as the highest ranking officer at the New York City Police Department, responsible for the supervision of the nearly 50,000 members of service employed at that agency. The deposition must take place at the Police Commissioner's office to ensure that he is available to deal with any emergencies or other matters of public safety, should such events occur during the course of his deposition. Notably, holding the deposition of a high-ranking official, such as the Police Commissioner, at his or her place of business is consistent with case law in this Circuit. See, e.g., Cutler v. City of New Haven, 3:11 CV 662 (WWE), 2012 U.S. Dist. LEXIS 106712 (D. Conn. July 31, 2012).

    Accordingly, holding Ms. Colon's deposition at her home due to medical conditions that have not been verified by a physician's note, is not analogous to holding the Police Commissioner's deposition at One Police Plaza. Moreover, plaintiffs have not proffered a letter or any other document from any treating physician indicating that it is medically necessary for Ms. Colon's deposition to occur at her home. For example, defendants have not been informed as to whether Ms. Colon is bedridden, whether she is on permanent intravenous medication and/or

numerous other factors which would assist in the determination as to whether this deposition even could occur at a place other than Ms. Colon's home. This lack of knowledge is directly attributable to the dearth of information from medical professionals provided by plaintiffs.

Where, as here, plaintiffs are seeking to hold the deposition of Ms. Colon at her home, defendants respectfully assert that defendants should be entitled to this information. Further, aside from the vitriol in plaintiffs' letter, they have failed to meaningfully discuss any of the concerns regarding holding Ms. Colon's deposition at her home raised by defendants in their letter, dated October 25, 2013, or the accommodations proposed therein.

As such, defendants respectfully assert that plaintiffs' response is again insufficient, and respectfully renew the requests made in their previous submissions.

Defendants thank the Court for its time and further consideration of this matter.

Respectfully submitted,

Andrew Myerberg
Senior Counsel
Special Federal Litigation Division

cc: Myron Beldock, Esq. (by E.C.F.)
Karen Dippold, Esq. (by E.C.F.)
Jonathan C. Moore, Esq. (by E.C.F.)
Marc A. Cannan, Esq. (by E.C.F.)
Joshua S. Moskovitz, Esq. (by E.C.F.)
Michael Warren, Esq. (by E.C.F.)
Evelyn Warren, Esq. (by E.C.F.)
Roger Wareham, Esq. (by E.C.F.)
Jane Fisher-Byrialsen, Esq. (by E.C.F.)
David Fisher, Esq. (by E.C.F.)
David Kreizer, Esq. (by E.C.F.)
Alissa Boshnack, Esq. (by E.C.F.)