**MICHAEL W. WARREN, P.C.**
ATTORNEYS AT LAW
580 WASHINGTON AVENUE
BROOKLYN, NEW YORK 11238

(718) 230-9790
(FAX) (718) 230-5145
TARIFWARREN@AOL.COM

MICHAEL W. WARREN *
* ADMITTED N.Y., P.A., D.C.

EVELYN W. WARREN

October 29, 2013

**BY ECF**
Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: <u>In re McCray, Richardson, Santana, Wise and Salaam Litigation</u>
        03 CV 9685 (DAB) (RLE)

Your Honor:

    I made an offer to try to resolve the matter of deposing Ms. Natividad Colon without further intervention from Your Honor. Defendants, however, asked that I make any further submissions through ECF.

    I am asking that defendants and the Court take the following factors under consideration. I fully believe that Ms. Colon's son is, in good faith, accurately describing his mother's current physical and mental condition. Further, because of a recent change of her physicians, it is difficult to obtain a doctor's note. I would also remind defendants that plaintiffs accepted, at face value, the information that former Chief Rosenthal's medical problems prevented him from sitting for a deposition.

    While Ms. Colon's living arrangement is modest, it would nevertheless accommodate a videotaped deposition. I will endeavor to make this arrangement as convenient as possible for defendants. Indeed, I had a similar situation in <u>Albert Williams and Moreen Williams v. City of New York, et al.</u>, 2001 CV 1757, where Mr. Williams, an elderly and ill gentleman, had his videotaped deposition taken in a rather small apartment in Brooklyn, New York by attorneys from the Office of the Corporation Counsel of the City of New York. That deposition took place over two days without complaints from any of those in attendance, and plaintiffs were never required to produce a letter from a doctor.

    Defendants' primary concern is taking the deposition of Ms. Colon. Plaintiffs have

made every effort to make her available. We ask that defendants move forward with the deposition at her residence; should they find that Ms. Colon's condition is other than what has been represented, defendants can take any actions deemed necessary.

Respectfully submitted,

Michael W. Warren

cc: All Counsel of Record (by ECF)