Ellis, R. Mag

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-5-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

In re McCray, Richardson, Santana, Wise and Salaam
Litigation.

**STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL**

03-CV-9685 (DAB) (RLE)

-------------------------------------------------------------------------- x

**WHEREAS**, Plaintiffs Antron McCray, Linda McCray, Kevin Richardson, Grace Cuffee, Connie Richardson, Valerie Cuffee, Crystal Cuffee, Angela Cuffee, Raymond Santana, Jr., Raymond Santana, Sr., and Joann Santana commenced this action by filing their complaint on or about December 8, 2003, alleging that defendants and others violated their federal constitutional, statutory and common law rights, including, but not limited to, their rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Sections 1981, 1983 and 1985, of their rights secured by the Fourth, Fifth, Sixth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, which violations allegedly resulted, *inter alia*, in plaintiffs Antron McCray, Kevin Richardson and Raymond Santana, Jr. suffering personal physical injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code; and

**WHEREAS**, Plaintiffs Korey Wise (suing herein as Kharey Wise), Doloris Wise, Daniel Wise, Michael Wise, Norman Wise and Victor Wise commenced this action by filing their complaint on or about December 16, 2003, alleging that defendants and others violated their federal constitutional, statutory and common law rights, including, but not limited to, their rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Sections 1981, 1983 and 1985, of

their rights secured by the Fourth, Fifth, Sixth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, which violations allegedly resulted, *inter alia*, in plaintiff Korey Wise (suing herein as Kharey Wise) suffering personal physical injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code; and

**WHEREAS**, Plaintiffs Yusef Salaam, Sharonne Salaam, Aisha Salaam and Shareef Salaam commenced this action by filing their complaint on or about December 19, 2003, alleging that defendants and others violated their federal constitutional, statutory and common law rights, including, but not limited to, their rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Sections 1981, 1983 and 1985, of their rights secured by the Fourth, Fifth, Sixth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, and which violations allegedly resulted, *inter alia*, in plaintiff Yusef Salaam suffering personal physical injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code; and

**WHEREAS,** on December 11, 2007, by Opinion and Order of the United States District Judge Deborah A. Batts, the following of Plaintiffs' claims were dismissed with prejudice: (a) official capacity claims barred by the Eleventh Amendment; (b) federal claims for false arrest; (c) state law claims for false arrest, battery, assault, harassment, negligent infliction of emotional distress, negligence, conspiracy; (d) claims against the Assistant District Attorney defendants for prosecutorial conduct; (e) claims against "the New York County District Attorney's Office"; and (f) claims against New York City Police Department ("NYPD") Commissioner Benjamin Ward; and

**WHEREAS,** the three separate actions brought by Plaintiffs were consolidated in accordance with the Opinion and Order by Judge Batts dated December 11, 2007; and

**WHEREAS**, Plaintiffs filed an amended consolidated complaint on April 21, 2008, naming as defendants the City of New York, and the following individuals: Police Commissioner Raymond Kelly, former New York City Police Department Manhattan Chief of Detectives Rosenthal, former New York City Police Department Chief of Patrol Borough Manhattan North Selvaggi, former or current New York City Police Detectives Ramon Rosario, Carlos Gonzalez, Harry Hildebrandt, Michael Sheehan, John Hartigan, Thomas McKenna, Humberto Arroyo, Scott Jaffer, John O'Sullivan, John Taglioni, Bill Kelly, Robert Nugent, Bruno Francisci, Thomas McCabe, former or current New York City Police Supervisory Detectives Deputy Inspector Powell and Lieutenant Jack Doyle, and former or current Assistant District Attorneys Linda Fairstein, Elizabeth Lederer and Arthur "Tim" Clements ("hereinafter the "Individually Named Defendants"); and

**WHEREAS**, the claims brought by Plaintiffs Doloris Wise and Daniel Wise in the action were dismissed on May 30, 2012, for failure to prosecute; and

**WHEREAS**, Plaintiffs Linda McCray, Grace Cuffee, Connie Richardson, Valerie Cuffee, Crystal Cuffee, Angela Cuffee, Raymond Santana, Sr., Joann Santana, Michael Wise, Victor Wise, Sharonne Salaam, Aisha Salaam and Shareef Salaam have agreed to the voluntary dismissal of their claims in this action against the City of New York and the Individually Named Defendants (collectively "Defendants"), with prejudice; and

**WHEREAS**, the City of New York has denied and continues to deny that it and the Individually Named Defendants have committed any violations of law or engaged in any wrongful acts concerning or related to any allegations that were or could have been alleged in the amended consolidated complaint and the Individually Named Defendants also have denied and continue to deny that they have committed any violations of law or engaged in any wrongful acts

concerning or related to any allegations that were or could have been alleged in the amended consolidated complaint; and

**WHEREAS,** the parties now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**WHEREAS,** Plaintiffs have authorized their counsel to settle this matter on the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.      The above-captioned action is hereby dismissed against the Defendants with prejudice, and without costs, expenses, or fees except as specified in paragraphs "2" through "11" below.

2.      The claims brought by Antron McCray (also known as Antron Brown) are settled for upfront cash and future periodic payments at a total cost to the City of New York in the sum of SEVEN MILLION ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($7,125,000.00), as specified in the Annuity Settlement Agreement and Release to be signed by Antron McCray, in full satisfaction of all his claims against the City of New York and the Individually Named Defendants, inclusive of his counsel's one-third contingent attorneys' fees and any unreimbursed costs and expenses to be deducted from the total sum prior to calculation of attorneys' fees. In consideration for the total stated herein, Plaintiff Antron McCray agrees to the dismissal of all the claims against the City of New York and the Individually Named Defendants, in their individual and official capacities, and to release the City of New York and the Individually Named Defendants, their heirs, executors, administrators, assignees and successors, and any present or former employees and agents of the City of New York or any

-4-

entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Plaintiff Antron McCray's civil rights, any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for additional costs, expenses, and attorneys' fees.

3.     The claims brought by Kevin Richardson are settled for upfront cash and future periodic payments at a total cost to the City of New York in the sum of SEVEN MILLION ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($7,125,000.00), as specified in the Annuity Settlement Agreement and Release to be signed by Kevin Richardson, in full satisfaction of all his claims against the City of New York and the Individually Named Defendants, inclusive of his counsel's one-third contingent attorneys' fees and any unreimbursed costs and expenses to be deducted from the total sum prior to calculation of attorneys' fees. In consideration for the total stated herein, Plaintiff Kevin Richardson agrees to the dismissal of all the claims against the City of New York and the Individually Named Defendants, in their individual and official capacities, and to release the City of New York and the Individually Named Defendants, their heirs, executors, administrators, assignees and successors, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Plaintiff Kevin Richardson's civil rights, any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for additional costs, expenses, and attorneys' fees.

4.     The claims brought by Raymond Santana, Jr. are settled for upfront cash and future periodic payments at a total cost to the City of New York in the sum of SEVEN MILLION ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($7,125,000.00), as specified in the Annuity Settlement Agreement and Release to be signed by Raymond Santana,

Jr., in full satisfaction of all his claims against the City of New York and the Individually Named

Defendants, inclusive of his counsel's one-third contingent attorneys' fees and any unreimbursed

costs and expenses to be deducted from the total sum prior to calculation of attorneys' fees.  In

consideration for the total stated herein, Plaintiff Raymond Santana, Jr. agrees to the dismissal of

all the claims against the City of New York and the Individually Named Defendants, in their

individual and official capacities, and to release the City of New York and the Individually

Named Defendants, their heirs, executors, administrators, assignees and successors, and any

present or former employees and agents of the City of New York or any entity represented by the

Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging

a violation of Plaintiff Raymond Santana, Jr.'s civil rights, any and all related state law claims,

from the beginning of the world to the date of the General Release, including claims for

additional costs, expenses, and attorneys' fees.

       5.     The claims brought by Yusef Salaam are settled for upfront cash and future

periodic payments at a total cost to the City of New York in the sum of SEVEN MILLION ONE

HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($7,125,000.00), as specified in

the Annuity Settlement Agreement and Release to be signed by Yusef Salaam, in full satisfaction

of all his claims against the City of New York and the Individually Named Defendants, inclusive

of his counsel's one-third contingent attorneys' fees and any unreimbursed costs and expenses to

be deducted from the total sum prior to calculation of attorneys' fees.  In consideration for the

total stated herein, Plaintiff Yusef Salaam agrees to the dismissal of all the claims against the

City of New York and the Individually Named Defendants, in their individual and official

capacities, and to release the City of New York and the Individually Named Defendants, their

heirs, executors, administrators, assignees and successors, and any present or former employees

and agents of the City of New York or any entity represented by the Office of the Corporation

Counsel, from any and all liability, claims, or rights of action alleging a violation of Plaintiff Yusef Salaam's civil rights, any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for additional costs, expenses, and attorneys' fees.

6.      The City of New York hereby agrees to pay Plaintiff Korey Wise (suing herein as Kharey Wise) the total sum of TWELVE MILLION TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($12,250,000.00), in full satisfaction of all his claims against the City of New York and the Individually Named Defendants, inclusive of his counsel's one-third contingent attorneys' fees and any unreimbursed costs and expenses to be deducted from the total sum prior to calculation of attorneys' fees. In consideration for the total sum stated herein, Plaintiff Korey Wise agrees to the dismissal of all the claims against the City of New York and the Individually Named Defendants, in their individual and official capacities, and to release the City of New York and the Individually Named Defendants, their heirs, executors, administrators, assignees and successors, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Plaintiff Korey Wise's civil rights, any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for additional costs, expenses, and attorneys' fees.

7.      The City of New York hereby agrees to pay to Beldock Levine & Hoffman LLP the sum of TWO HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($285,000.00) in satisfaction of additional litigation expenses incurred by Beldock, Levine & Hoffman LLP in this action. This payment is separate from the amounts described in paragraphs "2" through "6."

8.      Plaintiffs Antron McCray, Kevin Richardson, and Raymond Santana, Jr., have assigned their rights to attorneys' fees, expenses and costs to their attorneys, Beldock Levine & Hoffman LLP, Michael W. Warren, P.C. and Roger S. Wareham, Esq.

9.      Plaintiff Yusef Salaam has assigned his rights to attorneys' fees, expenses and costs to his attorneys, Beldock Levine & Hoffman LLP.

10.     Plaintiff Korey Wise has assigned his rights to attorneys' fees, expenses and costs to his attorneys, Fisher, Byrialsen & Kreizer, PLLC.

11.     All Counsel for the plaintiffs hereby agree and represent that no further claim for attorneys' fees, costs or expense arising out of this action shall be made by or on behalf of any of the plaintiffs, or by any counsel separately, at any time in the future.

12.     Plaintiffs Antron McCray, Kevin Richardson, Raymond Santana, Jr. and Yusef Salaam shall execute and deliver to Defendants' attorneys all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraphs "2" through "5" and "7" through "9" above, and Affidavits of Status of Liens and Annuity Settlement Agreements and Releases. The City of New York shall fund the future periodic structured payments described in the Annuity Settlement Agreements and Releases on or before September 22, 2014, provided the New York City Comptroller's Office receives the fully executed so ordered Stipulation and Order of Settlement and Dismissal ("Stipulation of Settlement"), the executed Annuity Settlement Agreements and Releases and the executed General Releases by September 5, 2014. The upfront cash described in the Annuity Settlement Agreements and Releases will be paid on a subsequent date by the New York City Comptroller's Office.

13.     Plaintiff Korey Wise (suing herein as Kharey Wise) shall execute and deliver to Defendants' attorneys all documents necessary to effect this Settlement including, without

limitation, the General Release based on the terms of paragraphs "6" and "10" above and the Affidavit of Status of Liens.

14.     Prior to tendering the requisite documents to effect this Settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit.   A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

15.     Plaintiffs Linda McCray, Grace Cuffee, Connie Richardson, Valerie Cuffee, Crystal Cuffee, Angela Cuffee, Raymond Santana, Sr., Joann Santana, Michael Wise, Victor Wise, Sharonne Salaam, Aisha Salaam and Shareef Salaam agree to voluntarily dismiss their claims against the City of New York and the Individually Named Defendants, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) without any additional expenses, fees or costs to any party.

16.     Plaintiffs shall be severally liable, not jointly and severally liable, and agree to hold harmless the Defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter.   If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

17.     Nothing contained herein shall be deemed to be an admission by any of the Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States or the City of New York or any other rules, regulations of any department or subdivision of the City of New York.   This Stipulation of Settlement, the General Releases, the

Annuity Settlement Agreements and Releases and the Qualified Assignment and Release Agreements shall not be admissible in, nor are they related to, any other litigation or settlement negotiations, except to enforce the terms of this settlement or pursuant to a court order obtained by any individual Plaintiffs (i.e., Antron McCray, Kevin Richardson, Raymond Santana, Jr., Yusef Salaam or Kharey Wise), without need for consent of the others, to demonstrate the amount of payment to him in a subsequent court proceeding brought against him or on his behalf.

18.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

19.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to vary the terms and conditions contained herein with the exception of the Annuity Settlement Agreements and Releases, and the Qualified Assignments and Release Agreements for Antron McCray, Kevin Richardson, Raymond Santana, Jr. and Yusef Salaam, which shall set forth the terms and details of the upfront cash and future periodic payments.

20.     This Stipulation of Settlement may be signed and acknowledged in several counterparts, all of which taken together shall be deemed to constitute one original.

21.     This settlement shall be governed by the laws of New York State.

22.     The parties hereto agree that this Stipulation of Settlement shall bind and inure to the benefit of, as the case may be, themselves and their heirs, distributees, legatees, beneficiaries, successors, assigns, executors, administrators, and parent and subsidiary organizations, if any.

-10-

23.     The invalidity, illegality or unenforceability of any particular provision or part of

any provision of this Stipulation of Settlement under any applicable law shall not affect the other

provisions or parts hereof, which shall remain in full force and effect.

24.     Each of the foregoing Whereas Clauses is accurate and incorporated into, and

made a part of, this Stipulation of Settlement, with the same effect as if it were made a part of a

numbered paragraph.

Dated: New York, New York

        September ___3___ , 2014

BELDOCK, LEVINE & HOFFMAN, LLP
99 Park Avenue, 16th Floor
New York, New York 10016

_____

Myron Beldock, Esq.
Karen L. Dippold, Esq.
Marc Cannan, Esq.
*Attorneys for the Salaam Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

Zachary W. Carter, *Corporation Counsel*
Genevieve Nelson, *Senior Counsel*
Philip R. DePaul, *Senior Counsel*

SO ORDERED:

9-5-14

_____
HON. RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE

-11-

23.     The invalidity, illegality or unenforceability of any particular provision or part of any provision of this Stipulation of Settlement under any applicable law shall not affect the other provisions or parts hereof, which shall remain in full force and effect.

24.     Each of the foregoing Whereas Clauses is accurate and incorporated into, and made a part of, this Stipulation of Settlement, with the same effect as if it were made a part of a numbered paragraph.

Dated: New York, New York

   September __3__, 2014

BELDOCK, LEVINE & HOFFMAN, LLP
99 Park Avenue, 16th Floor
New York, New York 10016


_____
Myron Beldock, Esq.
Karen L. Dippold, Esq.
Marc Cannan, Esq.
*Attorneys for the Salaam Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007


_____
Zachary W. Carter, *Corporation Counsel*
Genevieve Nelson, *Senior Counsel*
Philip R. DePaul, *Senior Counsel*

BELDOCK, LEVINE & HOFFMAN, LLP
99 Park Avenue, 16th Floor
New York, New York 10016

_____
Jonathan C. Moore, Esq.
Joshua S. Moskovitz, Esq.
*Attorneys for the Richardson, McCray and*
*Santana Plaintiffs*


MICHAEL W. WARREN, P.C.


_____
Michael W. Warren, Esq.
Evelyn Warren, Esq.
580 Washington Avenue
Brooklyn, New York 11238
*Attorneys for the Richardson, McCray and*
*Santana Plaintiffs*

FISHER, BYRIALSEN & KREIZER, PLLC
291 Broadway, Suite 709
New York, New York 10007


_____
David N. Fisher, Esq.
Jane H. Fisher-Byrialsen, Esq.
David P. Kreizer, Esq.
Alissa M. Boshnack, Esq.
*Attorneys for the Wise Plaintiffs*


_____
Roger Wareham, Esq.
394 Putnam Avenue
Brooklyn, New York 11216
*Attorney for the Richardson, McCray and*
*Santana Plaintiffs*


SO ORDERED:


_____
HON. DEBORAH A. BATES
UNITED STATES DISTRICT JUDGE

-12-

BELDOCK, LEVINE & HOFFMAN, LLP
99 Park Avenue, 16th Floor
New York, New York 10016

_____

Jonathan C. Moore, Esq.
Joshua S. Moskovitz, Esq.
*Attorneys for the Richardson, McCray and*
*Santana Plaintiffs*


MICHAEL W. WARREN, P.C.




_____

Michael W. Warren, Esq.
Evelyn Warren, Esq.
580 Washington Avenue
Brooklyn, New York 11238
*Attorneys for the Richardson, McCray and*
*Santana Plaintiffs*

FISHER, BYRIALSEN & KREIZER, PLLC
291 Broadway, Suite 709
New York, New York 10007

_____

David N. Fisher, Esq.
Jane H. Fisher-Byrialsen, Esq.
David P. Kreizer, Esq.
Alissa M. Boshnack, Esq.
*Attorneys for the Wise Plaintiffs*



_____

Roger Wareham, Esq.
394 Putnam Avenue
Brooklyn, New York 11216
*Attorney for the Richardson, McCray and*
*Santana Plaintiffs*



SO ORDERED:


_____

~~HON. DEBORAH A. BATTS~~
~~UNITED STATES DISTRICT JUDGE~~

-12-