UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MCCRAY, RICHARDSON, SANTANA, WISE, :     OPINION & ORDER
AND SALAAM LITIGATION                       :     03-CV-9685 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On September 5, 2014, the law firm of Stevens, Hinds, & White, PC ("SHW") moved for attorneys' fees and costs, related to the representation of Plaintiff Kharey Wise ("Wise"). (Doc. No. 314.) On March 31, 2015, the Court issued an Order and Opinion ("March 31 Order") granting attorneys' fees in the amount of $237,977.50 to SHW. (Doc. No. 355.) On April 2, 2015, SHW filed a Rule 60 Letter-Motion requesting a hearing. (Doc. No. 356.) On April 3, 2015, Fisher, Byrialsen & Kreizer, PLLC ("FBK") opposed SHW's Motion and requested that the Court authorize disbursement of the attorneys' fees award from the escrow account held by Day Pitney LLP. (Doc. No. 357.) On April 5, 2015, SHW replied and asked for interest on the attorneys' fees award. (Doc. No. 359.) On April 20, 2015, FBK objected to SHW's request for interest. (Doc. No. 362.)

For the reasons that follow, SHW's Rule 60 Motion and request for interest is **DENIED**. Furthermore, **IT IS HEREBY ORDERED THAT** Day Pitney LLP disburse the funds from the escrow account in accordance with the Court's March 31 Order: **$237,977.50** to SHW and the remaining amount to FBK.

## II. DISCUSSION

### A. SHW's Rule 60 Motion

Rule 60 of the Federal Rules of Civil Procedure pertains to relief from a judgement or order. Fed. R. Civ. P. 60. In SHW's Rule 60 Motion, however, SHW requests an evidentiary hearing to supplement the record and reargues the merits of its previous Motion for Attorneys' Fees. (Doc. No. 356.) More specifically, SHW contends that the Court erred in denying its request for a hearing to elicit testimony from Wise and restates case law, which the Court has already considered. (*Id.*) SHW's Motion relies on the following sections of Rule 60:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record[. . .]
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect; [. . .]
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(a), 60(b)(1), 60(b)(6).

The Court's March 31 Order and denial of a hearing was not based on a clerical mistake, oversight, or omission, and therefore, Rule 60(a) does not apply. Furthermore, the Court sees no mistake, inadvertence, surprise, or excusable neglect to justify relief from the March 31 Order; thus, Rule 60(b)(1) does not apply. Finally, SHW's attempt to use Rule 60(b)(6) as a catch all to substantiate relief from the March 31 Order also fails. Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b)(6) is not a substitute for an appeal. *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979) (*per curiam*); *see also Wagner v. United States*, 316 F.2d 871, 872 (2d Cir. 1963) (*per curiam*) ("The catch-all clause of Rule 60(b)(6), authorizing the court to relieve a party from judgment for 'any other reason justifying relief,' cannot be read

to encompass a claim of error for which appeal is the proper remedy. . ."); *Nemaizer*, 793 F.2d at 61 (finding Rule 60(b) "may not be used as a substitute for a timely appeal"). There being no exceptional circumstances present in this case, the Court finds no reason for relief from the March 31 Order.

### B. SHW's Request for Interest

In its original Motion for Attorneys' Fees, SHW did not include a request for interest. (Doc. No. 314.) In its Rule 60 Motion, SHW makes no request for interest. (Doc. No. 356.) SHW first mentions the issue of interest in its reply brief to the Rule 60 Motion. (Doc. No. 359.) Issues, however, cannot be raised for the first time in a reply brief. *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n. 13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)."); *Cioffi v. Averill Park Cent. Sch. Dist. Bd of Educ.*, 444 F.3d 158, 169 (2d Cir. 2006) (citing *Thomas v. Roach*, 165 F.3d 137, 145-46 (2d Cir. 1999).). Because SHW never made the request for interest in its original Motion for Attorneys' Fees or in its Rule 60 Motion, SHW's request for interest is **DENIED**.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** SHW's Rule 60 Motion. Furthermore, **IT IS HEREBY ORDERED THAT** Day Pitney LLP disburse the funds from the escrow account in accordance with the Court's March 31 Order.

**SO ORDERED this 21st day of May 2015**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3